**W.C. SMITH, INC.**

v.

**YELLOW FREIGHT SYSTEMS, INC.**

v.

**PRICE CANDY COMPANY.**

Civ. A. No. 82–5229.

United States District Court,
E.D. Pennsylvania.

Sept. 28, 1983.

Larrick B. Stapleton, Philadelphia, Pa.,
for W.C. Smith, Inc.

Mitchell S. Pinsly, Philadelphia, Pa., for Yellow Freight Systems, Inc.

Joseph M. David, Jr., Philadelphia, Pa., for Price Candy Company.

## MEMORANDUM OPINION
## AND ORDER

VanARTSDALEN, District Judge.

This case involves a claim for damages in excess of $20,000 to a certain piece of machinery that defendant Yellow Freight Systems, Inc. transported by motor freight. Yellow Freight has moved for partial summary judgment, seeking to limit its liability to $400.00, the released value of the goods, pursuant to 49 U.S.C. § 10730. For the reasons that follow, the motion will be granted.

Plaintiff W.C. Smith, Inc. purchased the machinery in question from third-party defendant Price Candy Company. The machinery was located at Price Candy's place of business in or near Kansas City, Missouri, and was to be shipped by motor freight common carrier to Smith's place of business in Philadelphia, Pennsylvania. Richmond Transfer, Inc., not a party to this action, received the machinery from Price Candy and delivered it to Yellow Freight in Kansas City, Missouri. Yellow Freight was the connecting carrier for transportation to Philadelphia. Richmond delivered the machinery to Yellow Freight upon a Uniform Straight Bill of Lading which stated that the shipper was Price Candy, and that the goods were consigned to W.C. Smith & Sons, Inc. Upon arrival in Philadelphia, the machinery was damaged extensively. Smith, the owner, sued Yellow Freight for the loss.

The printed form bill of lading provides in part:

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property. The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding _____ per _____.

No one filled in the blank spaces declaring the value of the goods. The goods are described on the face of the bill of lading only as "9 crates—machinery," and the weight is declared as "4000."

The bill of lading further provides:

Shipper hereby certifies that he is familiar with all of the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

At all times in question, Yellow Freight had properly established and filed approved tariffs with the I.C.C. in the form of Supplement 102 to Tariff 533–E of the Eastern Central Motor Carriers Association, Inc. The tariff provides four different rates for used machinery, such as the one in question, based on the machinery's released value. The lowest rate and tariff is based on a "released ... value not exceeding ten cents per pound," which is "ninety two percent of applicable Class Rates." The tariff further provides that "[i]f the consignor [in this case Price Candy] fails to declare a released value at the time of shipment, shipment will be subject to the lowest released value herein." Because the lowest released value is ten cents per pound, application of the tariff in the present case would limit Yellow Freight's liability for the 4000 pounds of machinery to $400.00.

The Carmack Amendment to the Interstate Commerce Act imposes absolute liability upon carriers for the value of goods lost or damaged during shipment, but permits carriers to limit their liability pursuant to section 10730. 49 U.S.C. § 11707(c)(4). Section 10730 provides in part:

a motor common carrier providing transportation or service ... may ... establish rates for the transportation of property ... under which the liability of the carrier for such property is limited to a value established by written declaration

of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.

49 U.S.C. § 10730(b)(1). In addition, section 10730 permits the I.C.C. to require carriers to maintain a rate for service that does not limit the carrier's liability. 49 U.S.C. § 10730(b)(2). A carrier, therefore, may limit its liability if it maintains and charges I.C.C. approved lower rates, obtains the shipper's agreement to the released value in writing, and provides the shipper with a reasonable opportunity to pay a higher rate and thereby increase the carrier's liability. *Anton v. Greyhound Van Lines, Inc.*, 591 F.2d 103 (1st Cir. 1978); *Flying Tiger Line v. Pinto Trucking Service*, 517 F.Supp. 1108 (E.D.Pa. 1981).

It is undisputed that Yellow Freight maintained an approved rate schedule that provided four progressively lower rates in exchange for greater degrees of limitation upon its liability. Plaintiff Smith, however, asserts that none of these tariff rates came into effect in the present case because no released value was filled in the blank spaces on the bill of lading. Plaintiff, therefore, contends that there was no agreement in writing between the shipper, Price Candy, and Yellow Freight as to the released value, citing the language of *Greyhound Van Lines*, 591 F.2d at 107–08, in support of its position.

▇▇▇ According to the court in *Greyhound Van Lines*, a carrier may not limit its liability by unilateral action or by implication. *Id.* at 108. Although the shipper is charged with the knowledge of the tariff rates maintained by the carrier, the carrier must do more than simply maintain appropriate tariff rates in order to effectively limit its liability. *Id.* The shipper must enter "into an agreement limiting [the carrier's] liability 'as the result of an equally certain specified action ... in respect to a voluntary valuation of his goods.'" *Id.* (quoting *Caten v. Salt City Movers &*

*Storage Co.*, 149 F.2d 428, 432 (2d Cir. 1945)).

▇▇▇ I find that the necessary written agreement exists in the present case. The Uniform Straight Bill of Lading, which was printed with shipper Price Candy's name on its face, expressly incorporates all "tariffs which govern the transportation of this shipment." Although as connecting carrier Yellow Freight had no direct contact with either the shipper or the consignee, it nonetheless is entitled to all of the benefits of the original contract of shipment as contained in the Uniform Straight Bill of Lading. *Kansas Southern R.R. v. Carl*, 227 U.S. 639, 33 S.Ct. 391, 57 L.Ed. 683 (1912). Price Candy, as shipper, therefore, expressly agreed to the terms of Yellow Freight's tariff, which provides for the lowest released value where no value is affirmatively filled in the blanks.

▇▇▇ In addition, I find that Price Candy, as shipper, made an "absolute, deliberate and well-informed choice," *Greyhound Van Lines*, 591 F.2d at 108, in leaving the released value spaces blank. Price Candy expressly agreed to abide by Yellow Freight's approved tariffs in the bill of lading. Although the released rates were not conspicuous on the face of the bill of lading, *see, e.g., Flying Tiger Line*, 517 F.Supp. at 1114, Price Candy is charged with the knowledge of the applicable tariff provisions, *Greyhound Van Lines*, 591 F.2d at 108, and thus knew the full consequences of leaving the spaces blank. The various rates and corresponding limitation on liability listed in Yellow Freight's tariff provided Price Candy with a "fair opportunity to choose between higher or lower liability by paying a correspondingly greater or lesser charge...." *New York, New Haven & Hartford R.R. v. Nothnagle*, 346 U.S. 128, 135, 73 S.Ct. 986, 990, 97 L.Ed. 1500 (1953). Smith and Price Candy cannot complain about the consequences of leaving the applicable spaces blank, when they could have chosen to increase Yellow Freight's liability simply by declaring a higher value on the bill of lading.

From the documents and affidavits, there is no dispute as to the material facts. I find that Yellow Freight effectively limited its liability as a matter of law to $400.00. Partial summary judgment will be entered in favor of defendant Yellow Freight Systems, Inc.