OPINION OF THE COURT
Richard S. Lane, J.
Plaintiffs and defendant entered into a written contract pursuant to which defendant undertook to drive plaintiff’s 1970 Mercedes Benz automobile from Los Angeles to New York. The car never arrived in New York, and was eventually recovered by the police in Pennsylvania heavily damaged and with a bullet hole through the trunk.
Plaintiffs assert four causes of action, and demand $16,000 in damages under each of them. The first cause of action sounds in breach of contract of carriage which I have inter *1013 preted to include a claim under the Carmack Amendment (49 USC § 10730 et seq.). The second cause of action sounds in breach of contract of bailment. The third and fourth causes of action sound in negligence in the employment and continued employment of the driver to whom defendant entrusted the automobile.
There was a total absence of any proof to substantiate the complaints in negligence.
The bailment complaint has been attacked by defendant on the ground of Carmack Amendment and Federal preemption. Defendant is in error. The survival of State remedies has been specifically mandated in the Carmack Amendment (49 USC § 10730; Reed v Aaacon Auto Transp., 637 F2d 1302, 1304-1305). The trouble with this complaint, however, is that the bullet hole in the trunk rebuts the presumption of negligence from failure of delivery, and, once again, there is a total absence of proof of negligence.
The Carmack Amendment complaint has been attacked by the defendant on the ground of the limitation of liability in its tariff. Such a limitation, however, does not become automatically applicable merely by incorporation in a tariff. The shipper must be given an opportunity, by written declaration or written agreement, to accept the released limited valuation in the tariff or to declare a higher valuation and to pay any increased carrying charges therefor (49 USC § 10730 [b] [1]; Caspe v Aaacon Auto Transp., 658 F2d 613, 615-616; Anton v Greyhound Van Lines, 591 F2d 103, 107-108; W. C. Smith, Inc. v Yellow Frgt. Sys., 596 F Supp 515, 517).
Defendant’s bill of lading which is the written contract between the parties is completely silent with respect to the valuation of the car. The silence is highlighted by the inclusion of a bold print provision with respect to the valuation of any luggage or sporting equipment carried in the car. Accordingly I find that the Carmack Amendment complaint has been established without any limitation of liability. The trouble with this complaint, however, is an almost total absence of adequate proof of damages.
There was no evidence of the value of the car at time of delivery to defendant nor at time of recovery by the police in Pennsylvania. The alternate evidentiary option of showing the cost of repairs was partially embraced by plaintiffs. Plaintiffs did not seek to introduce the cost of initial major repairs in Pennsylvania. They did, however, introduce pursuant to CPLR *1014 4533-a several subsequent smaller repair bills in Connecticut and Virginia relying on circumstantial evidence to connect them to the original damage. The trouble with this evidence is the three and six months, respectively, intervening between these repairs and the initial major repairs in Pennsylvania, and I find the proof of connection to be inadequate. Moreover, the bill of lading in paragraph 7 of contract terms and conditions allowed defendant a setoff for any applicable insurance recovery by the shipper, and concededly plaintiffs received the "totalled” value of the car on a first-party claim against their policy.
Plaintiffs also introduced evidence of the cost of car rentals and air travel allegedly necessitated by the loss of use of the car between June and December 1981 while it was undergoing repairs in Pennsylvania. The trouble with this evidence is the exclusion in paragraph 3 of contract terms and conditions in the bill of lading. Arguably the exclusion is invalid as an attempt at exoneration from one’s own fault (see, Reed v Aaacon Auto Transp., supra, at p 1306). In my opinion, however, the exclusion is saved since, properly read, it is not really an exoneration. Rather it is an obligation to pay the higher charges for a professional driver if the shipper wishes the carrier to assume the risk of loss of use damages.
Moreover, plaintiffs’ claim against their insurance policy for the "totalled” value of the car is inconsistent with a loss of use claim against the defendant. They may not hold defendant hostage for their expenses over a six-month period in which they were not having ordinary reasonable repairs made, but were rather engaged in a labor of love understandable only to Mercedes Benz "buffs”.
Finally plaintiffs introduced evidence of the cost of a trip from New York to Los Angeles in July 1981 after recovery of the car in Pennsylvania. The purpose of the trip, allegedly on the advice of counsel, was to report the loss to the Los Angeles police. Plaintiffs are affluent sophisticated people who must have understood that a tardy report to police almost 3,000 miles from where the car was recovered had no real-life crime-solving purpose. Almost certainly it was merely a prerequisite to their insurance claim for which a letter would have been sufficient. I do not doubt that Mr. Martin visited a Los Angeles police headquarters, but I find that he really undertook the trip for other business and social purposes in a city from which he had only recently moved and wherein he continued to hold property.
*1015 Plaintiffs, however, are entitled to recovery of the fee paid to defendant for carriage of their car which was never completed.
Accordingly plaintiffs may have judgment for $165 with interest from June 1, 1981. Costs shall be withheld since a greater amount was offered prior to trial.