Glenda JOHNSON Plaintiff,

v.

BEKINS VAN LINES COMPANY, Action Moving and Storage Company, and Ron E. Carroll, Inc. Defendants.

No. 2:91–CV–081.

United States District Court,
E.D. Texas,
Marshall Division.

Sept. 16, 1992.

Laurence L. Priddy, Priddy & Chovanec, Fort Worth, TX, for plaintiff.

Jerry R. Selinger, Vinson & Elkins, Dallas, TX, for defendants.

## ORDER

HALL, District Judge.

CAME ON TO BE HEARD THIS DAY IN OPEN COURT Defendants' Motion for Judgment as a Matter of Law. This Court, after reviewing the motion and hearing the arguments of counsel for all parties, finds that it is well taken.

### I. BACKGROUND

Plaintiff Glenda Johnson Callaghan ("Plaintiff") hired the Defendants to move her from Macon, Georgia, to San Antonio, Texas. During the move, the trailer carrying her possessions caught fire and her personal possessions were damaged or destroyed. Plaintiff brought this action against the Defendants to recover the full value of her destroyed personal possessions. Defendants claim that they effectively limited their liability to Plaintiff by complying with the Carmack Amendment to the Interstate Commerce Act. The central issue in this case is whether the Plaintiff contracted for a lower rate of liability rather than full value.

On the morning of trial, September 3, 1992 Defendant Bekins Moving and Storage sought and was granted judgment as a matter of law under Fed.R.Civ.P. 50 due to the lack of allegations against it in the Joint Pretrial Order. *See* Order of the Court dated September 14, 1992. The remaining defendants asserted this motion for judgment as a matter of law under Rule 50 at the close of the Plaintiff's case in chief, and again at the close of all the evidence on September 3, 1992. After hearing oral argument from both parties, the Court granted the Defendants' Motion for Judgment.

### II. JUDGMENT AS A MATTER OF LAW

Fed.R.Civ.P. 50(a)(1), as amended December 1, 1991, provides:

If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim, counterclaim, cross-claim, or third party claim that cannot under the controlling law be maintained without a favorable finding on that issue.

 A motion for judgment under Rule 50 requires that the Court decide whether, as a matter of law, the evidence is legally sufficient to submit the case to the jury. *Urti v. Transport Commercial Corp.*, 479 F.2d 766, 768 (5th Cir.1973). Such a motion may be made at the close of the evidence offered by the movant's opponent, but if the movant later introduces evidence, then the motion must be renewed at the close of all evidence. *Bohrer v. Hanes Corp.*, 715 F.2d 213, 217 (5th Cir. 1983), *cert. denied*, 465 U.S. 1026, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984); *Special Promotions, Inc. v. Southwest Photos, Ltd.*, 559 F.2d 430, 432 (5th Cir.1977); *see also* Wright and Miller, *Federal Practice & Procedure*, §§ 2534, 2536. The motion must state the law and facts that entitle the moving party to judgment. Fed. R.Civ.P. 50(a)(2) & advisory committee's note; *see also Stewart v. Thigpen*, 730 F.2d 1002, 1006 n. 2 (5th Cir.1984).

██ The reason for requiring a party to move for judgment as a matter of law in the trial court is to prevent a party from gambling on a jury's verdict, and then later questioning the sufficiency of the evidence on appeal. *House of Koscot Dev. Corp. v. American Line Cosmetics, Inc.*, 468 F.2d 64, 67 (5th Cir.1972). The party that has not moved for directed verdict in the trial court is deemed to have held the view that the evidence was sufficient to create a fact issue, and will not be permitted on appeal to argue that the trial court erred in holding the same view. *Little v. Bankers Life & Casualty Co.*, 426 F.2d 509, 511 (5th Cir.1970); *see generally*, Harris, *Sufficiency of the Evidence Review in the Fifth Circuit*, 9 Fifth Circuit Reporter 1358 (1992).

The standard of review for a judgment as a matter of law in the Fifth Circuit is set forth in *Boeing Co. v. Shipman*, 411 F.2d 365, 374–375 (5th Cir.1969) (en banc):

[T]he Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions ... should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict.

*Id.* at 374–375. *See generally* 9 Wright & Miller, *Federal Practice & Procedure*, § 2524 (1992 Supp.). Finally, in considering a motion for judgment as a matter of law, the Court "is not free to weigh the evidence, pass on the credibility of witnesses, or substitute its judgment of facts for that of the jury." *Mitchell v. Lone Star Ammunition, Inc.*, 913 F.2d 242, 252 (5th Cir.1990) (quoting *Brock v. Merrell Dow Pharmaceuticals, Inc.*, 874 F.2d 307, 308 (5th Cir.1989) *cert. denied*, 494 U.S. 1046, 110 S.Ct. 1511, 108 L.Ed.2d 646 (1990).

With the above in mind, the Court turns to the facts and circumstances of the case at bar.

## III. DISCUSSION

### A. Requirements for Limiting Liability

██ In order to validly limit its liability for damage to the Plaintiff's goods under

the Carmack Amendment to the Interstate Commerce Act, codified at 49 U.S.C. §§ 11707, 10730, and 10103, the Defendants must meet four requirements:

1. Maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission;

2. Obtain the shipper's agreement as to her choice of liability;

3. Give the shipper a reasonable opportunity to choose between two or more levels of liability; and

4. Issue a receipt or bill of lading prior to moving the shipment.

*Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1445 (7th Cir.1987); *Anton v. Greyhound Van Lines, Inc.*, 591 F.2d 103 (1st Cir.1978).

■ The evidence is undisputed that Defendants' tariff No. 400F was maintained within the prescribed guidelines of the Interstate Commerce Commission, and that Defendants issued a "receipt or bill of lading" prior to the Plaintiff's shipment in this case. The undisputed evidence further shows that the interstate order for service, which contained all the salient terms of the bill of lading, was signed by the Plaintiff, thus qualifying as a "receipt." While the actual bill of lading, which is issued after the move in question, was not signed by Plaintiff, the shipper's signature is not required so long as the bill of lading is accepted by the shipper. *Flying Tiger Line v. Pinto Trucking Service*, 517 F.Supp. 1108, 1114 (E.D.Pa.1981); *See American Railway Express Co. v. Lindenburg*, 260 U.S. 584, 591, 43 S.Ct. 206, 209, 67 L.Ed. 414 (1923). It is undisputed that Plaintiff "accepted" the bill of lading, as it is the document that she seeks to enforce in this case. *See* Joint Final Pretrial Order at 4 (Stipulations and Uncontested Facts). Accordingly, the Defendants' evidence as to elements one and four of the above test are undisputed.

**B. Shipper's Choice as to Carrier Liability**

■ The second requirement for compliance with the Carmack Amendment is that the carrier obtain the shipper's written agreement of the shipper's choice of carrier liability. At trial, Plaintiff conceded that she received both the interstate order for service and bill of lading from the Defendants, each of which states in pertinent part, the following:

UNLESS THE SHIPPER EXPRESSLY RELEASES THE SHIPMENT TO A VALUE OF SIXTY CENTS PER POUND PER ARTICLE, THE CARRIER'S MAXIMUM LIABILITY FOR LOSS AND DAMAGE SHALL BE EITHER THE LUMP SUM VALUE DECLARED BY THE SHIPPER OR AN AMOUNT EQUAL TO $1.25 FOR EACH POUND OF RATED WEIGHT IN THE SHIPMENT, WHICH EVER IS GREATER.

THE SHIPMENT WILL MOVE SUBJECT TO THE RULES AND CONDITIONS OF THE CARRIER'S TARIFF. SHIPPER HEREBY RELEASES THE ENTIRE SHIPMENT TO A VALUE NOT EXCEEDING $_____/LB. OR $_____ Total Valuation (TO BE COMPLETED BY THE PERSON SIGNING BELOW).

THE SHIPPER SIGNING THIS MUST INSERT IN THE SPACE ABOVE, IN HIS OWN HANDWRITING, EITHER HIS DECLARATION OF THE ACTUAL VALUE OF THE SHIPMENT OR THE WORDS "SIXTY CENTS PER POUND PER ARTICLE." OTHERWISE THE SHIPMENT WILL BE DEEMED RELEASED TO A MAXIMUM VALUE EQUAL TO $1.25 TIMES THE RATED WEIGHT OF THE SHIPMENT.

Plaintiff also conceded that she failed to request any specific valuation for her goods, and that the interstate order for service and bill of lading therefore provided a default valuation of $1.25 per pound. There was no evidence presented that the Plaintiff was charged a rate in excess of the agreed $1.25 per pound released weight. Nor was there evidence that the shipping documents were ambiguous, that Defendants defrauded, misled, or deceived Plaintiff into seeking the lower rates, or that they refused her time to review the shipping documents. Rather, the only evi-

dence on the point was Plaintiff's testimony that she did not read the documents before signing them because they were presented to her late in the day, when, for various reasons, she was in a hurry to begin her move.

In *Hughes, supra,* the Seventh Circuit wrote that "[o]ne who signs a contract in the absence of fraud or deceit cannot avoid it on the grounds that *he did not read it* or that he took someone else's word as to what it contained." 829 F.2d at 1417 (emphasis added); *Chandler v. Aero Mayflower Transit Co., Inc.,* 374 F.2d 129 (4th Cir.1967); *see also W.C. Smith, Inc. v. Yellow Freight Systems, Inc.,* 596 F.Supp. 515, 517 (E.D.Pa.1983). Nor can the shipper reform the bill of lading on the grounds of unilateral mistake once she is aware that the document that she is signing was a contract for transporting goods, absent fraud or bad faith, neither of which is an issue here. *Id.* at 1419; *Hopper Furs, Inc. v. Emery Air Freight Corp.,* 749 F.2d 1261 (8th Cir.1984); *see also Thomas v. Trans World Airlines, Inc.,* 457 F.2d 1053 (3rd Cir.1972) ("Mere failure to read an instrument, thus giving rise to plaintiff's unilateral mistake, is insufficient to obtain relief").

In this case, the face of the document clearly provided Plaintiff with a choice of differing levels of liability, and it contained a valid provision setting a default rate of $1.25 per pound if no other valuation was specified. The Court therefore finds as a matter of law that the second requirement for the carrier's compliance with the Carmack Amendment is met.

**C. Shipper's Reasonable Opportunity to Choose Carrier's Liability**

The third step a carrier must take to limit its liability under the Carmack Amendment is that of giving the shipper a fair opportunity to choose between a higher liability level and a lower liability level. A fair opportunity means that "the shipper had both reasonable notice of the liability limitation, and the opportunity to obtain information necessary to making a deliberate and well-informed choice." *Hughes,*

829 F.2d at 1419; *Anton,* 591 F.2d at 103. Any limitation on liability must be brought to the attention of the shipper before the contract is signed, and the shipper must be given a choice to contract for the limitation of liability in the movement of his goods. *Id.* at 1419–1420; *Chandler v. Aero Mayflower Transit Co., supra,* at 137.

In this case, Plaintiff admitted that she did not read the documents presented to her before signing them because she was in a hurry to pick up her paycheck and begin her move. Assuming her justifications to be true, as the Court must do when passing on a motion for judgment as a matter of law, she has not alleged any excuse recognized by the law, and the Court holds that, as a matter of law, her proffered justification is not sufficient to excuse her failure to read the documents. Accordingly, the Court holds that the Defendants have met the third element required to limit their liability.

**IV. CONCLUSION**

Like the Court of Appeals for the Seventh Circuit in *Hughes,* the Court is certainly sympathetic with the Plaintiff's loss. However, based upon prior case law and the fact situation in the case at bar, the Court is convinced, even after resolving all inferences most favorably to the Plaintiff, that reasonable jurors could not arrive at a contrary verdict, and therefore that it is proper to take the case from the jury pursuant to Fed.R.Civ.P. 50.

In so doing, the Court is not weighing the evidence, passing on the credibility of witnesses, or substituting its judgment of the facts for the jury, but rather exercising its responsibility to assure the fidelity of its judgment to the controlling law, a responsibility imposed by the Due Process Clause of the Fifth Amendment. *Cf. Galloway v. United States,* 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); *see also* Fed.R.Civ.P. 50 advisory committee's note.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defen-

dants' Motion for Judgment as a Matter of Law is hereby in all things GRANTED.